UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIA KOCH,
        Petitioner,

    v.                                   Case No. 05C1158

DANE KOCH,
        Respondent.

## DECISION AND ORDER

On February 21, 2006, I granted the petition of Antonia Koch ("Antonia") brought under the Hague Convention on Civil Aspects of Child Abduction, Oct. 25, 1980, T.I.A.S., No. 11,670, 1343 U.N.T.S. 89, ("the Convention"). I found that her estranged husband Dane Koch ("Dane") had wrongfully removed the couple's children, Charles, age six, and Annalena, age three, from their habitual residence in Germany to the United States, and I ordered that the children be returned to Germany. Dane appealed and now asks me to stay my order pending appeal or alternatively until the Seventh Circuit has ruled on his request for a stay.

In determining whether to grant a stay, I consider:

(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

In re Application of Proctor & Gamble Co., 334 F. Supp. 2d 1112, 1117 (E.D. Wis. 2004) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The burden of meeting this standard is a heavy one, and as a result requests for stays are commonly denied. Id.

In the present case, I decline to stay the order returning Charles and Annalena to Germany because I conclude that none of the four factors identified above weighs in Dane's favor. First, Dane has little likelihood of succeeding on the merits. This is so because Antonia clearly established that, in May 2005 when Dane removed them, the children were habitual residents of Germany. Although courts have approached the issue of habitual residence differently, because the facts weigh so heavily against him Dane is unlikely to win under any approach. Prior to 1999 when they moved to the United States, Dane and Antonia had lived in Germany for many years. And in April 2002, when the children were respectively two and eleven days, Dane and Antonia moved back to Germany indefinitely because their economic prospects were better there. The family then lived in Germany for over three years. Thus, Charles had lived in Germany for most of his life and Annalena for all but the first eleven days of her's. Finally, before Dane removed the children, he and Antonia had made no plans to return to the United States in the near future. Based on these facts, it is highly unlikely that any court would find that Charles and Annalena were habitual residents of the United States.

Second, Dane will not be irreparably injured if I do not grant a stay. I have no reason to believe that Antonia would not return the children to him either in the event that he prevails in the Seventh Circuit or is awarded custody by a court in Germany.

Third, no other interested persons will be injured by my refusal to grant a stay. Dane submits an affidavit stating that returning the children to Germany will disrupt their lives. However, "[a] removing parent must not be allowed to abduct a child and then – when brought to court – complain that the child has grown used to the surroundings to which they were abducted. Under the logic of the Convention, it is the _abduction_ that

causes the pangs of subsequent return." Friedrich v. Friedrich, 78 F.3d 1060, 1068 (6th Cir. 1996). Rather, the children will more likely be harmed by the prolonged wrongful separation from their mother. The potential long-term negative effect on children from unilateral removals of the type that occurred in the present case is in fact the very reason that the Convention was created. Adair Dyer, Report on International Child Abduction by one Parent ('Legal Kidnapping'), Preliminary Document No. 1 of August 1978, reprinted in Hague Conference on Private International Law, III Actes et Documents de la Quatorzième Session, October 6-25, 1980, at 12, 18-21 (1980). Keeping the children in the United States pending an appeal will only make it more difficult for them to return to Germany at a later date. Moreover, the more quickly the children are returned to Germany, the more expeditiously a final custody determination can be made, thereby enabling the children to settle into their permanent routine.

Fourth, the public interest supports denial of the stay. The purpose of the Hague Convention is "to secure the prompt return of children wrongfully removed to or retained in any Contracting State." Convention, preamble (emphasis added).

**THEREFORE, IT IS ORDERED** that respondent's request for an emergency stay (R. 32) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 27 day of February, 2006.

/s_____
LYNN ADELMAN
District Judge